Eureka Steam Heating Company, Appellant, vs. Slote-
man and another, Respondents.

*September 23 — October 11, 1887.*

*Appeal: Case: Grounds for reversal: Striking off brief.*

1. An order made upon a trial of an issue of fact by the court alone
   will not be reversed on appeal for the refusal of the judge to ex-
   clude testimony which was objected to, the error being immaterial;
   nor will his finding of facts be disturbed, where the testimony was
   conflicting, unless clearly against the evidence.
2. An appellant seeking a reversal for want of evidence to sustain the
   findings of the court should, in the printed case, present a full and
   fair statement of the evidence, especially of that on the part of the
   respondents.
3. Under a rule of this court adopted at the August term, 1878, a brief
   which is not respectful to the trial court may be stricken from the
   files of the court.

APPEAL from the County Court of *Milwaukee* County.
The following statement of the case was prepared by
Mr. Justice Cassoday:

This action was commenced against *Sloteman* alone, by
summons and writ of attachment, November 9, 1885, upon
an affidavit made November 7, 1885, stating the grounds
thereof, in effect, that *Sloteman* had assigned, conveyed,

disposed of, or concealed his property, or a part thereof, with intent to defraud his creditors, or was about to do so. November 10, 1885, *Sloteman* made an assignment of his property, for the benefit of his creditors, to the defendant *Moss*. Subsequently, an amended affidavit for such writ was filed and served, with the additional ground that *Sloteman* had fraudulently contracted the debt or incurred the obligation respecting which the action was brought, and that such facts existed at the time of the attachment.

Upon the trial of the issue formed by the separate traverses of the attachment, it was, in effect, found by the court, March 19, 1887, as matters of fact, (1) that *Sloteman* did not assign, convey, dispose of, or conceal any of his property prior to the commencement of the action with intent to defraud his creditors; (2) that at the time of making said first affidavit, or the issuance of the writ, *Sloteman* was not about to assign, convey, dispose of, or conceal his property, or any part thereof, with intent to defraud his creditors; (3 and 4) that *Sloteman* did not fraudulently contract the debt nor incur the obligation respecting which this action was brought; (5) that none of the material facts stated in either of said affidavits is or was true at or before the making of the same, the commencement of the action, or the issuance and levy of said writ.

And as conclusions of law, it was, at the time mentioned, found by the court, in effect, (1) that there was no proper and legal ground for the issuance and levy of said writ, at or before the making of either of said affidavits, or at or before the commencement of the action, or the issuance or levy of the writ; (2) that the defendants were entitled to an order discharging and dismissing said writ, with the damages sustained by the defendants by reason of the taking, detaining, and sale of the property attached, to be assessed thereafter pursuant to law, and with the costs of the trial of the issues upon said traverses to be taxed; said damages

and costs to be thereafter deducted from the amount of the plaintiff's demand, as the same should be established upon the trial of the action; and an order was therein directed accordingly. Thereupon it was ordered accordingly, from which order the plaintiff brings this appeal.

*Chas. M. Bice,* for the appellant.

For the respondents there was a brief by *Glenway Maxon,* attorney, and *Shepard & Shepard,* of counsel, and oral argument by *Mr. Maxon.*

CASSODAY, J. Several errors are assigned, because the court, at different stages of the trial, refused to exclude testimony on objection being made by the plaintiff. Since the trial was by the court, such alleged errors are entirely immaterial. This has repeatedly been held by this court. The principal ground urged for reversal is that the findings of the court are contrary to the evidence. The printed case fails to present a full and fair statement of the evidence, especially on the part of the respondents. A party seeking a reversal for want of evidence, is not excusable for failure to print the evidence,— especially all that is deemed material by his opponents. The appellant has not done so in this case. The omission, however, has been supplied by the brief of the respondents. After a careful examination of all the evidence, we do not feel authorized to disturb the findings of the court below. This is especially true where, as here, the testimony is more or less conflicting, and must be determined upon the veracity of witnesses. A discussion of the facts would be of no benefit to any one, and is therefore unnecessary. A rule of this court, adopted at the August term, 1878, among other things, requires counsel in their briefs and arguments to be respectful to the trial court. The high standard of the profession is such that no such rule is ordinarily necessary, and we presume it has been forgotten, or seldom thought of by most attor-

Heucke vs. The Milwaukee City R. Co.

neys. We all regret to say that the brief of the learned counsel for the appellant is in violation of that rule. By inference and indirection, it contains numerous passages reflecting more or less severely upon the learned trial judge. In this, counsel does himself great injustice. We feel called upon to exercise the power given by the rule of striking the appellant's brief from the files of this court, and hereby do so accordingly.

*By the Court.*— The order of the county court is affirmed.